UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

IN RE: CHILD VICTIMS ACT CASES REMOVED FROM STATE COURT

**MEMORANDUM AND ORDER**

23-cv-4816 and related cases[1]

---

LaSHANN DeARCY HALL, United States District Judge:

Before this Court are eight actions alleging child sexual abuse in violation of the New York Child Victims Act, C.P.L.R. § 214-g. In June and July 2023, eight cases before this Court, among approximately 216 similar cases, were removed from various state courts. Plaintiffs move pursuant to 20 U.S.C. §§1444(c), 1334(c), and 1452(b) to remand the cases identified in the Appendix.

These cases are substantially similar to the 100 cases previously before Judge Gary R. Brown and Judge Joan M. Azrack. On August 10, 2023, Judge Brown issued a decision remanding 42 cases to state court on the grounds that the state court can timely adjudicate the actions. *In re Child Victims Act Cases Removed From State Ct.*, No. CV 23-5029 (GRB), 2023 WL 5123396, at *5 (E.D.N.Y. Aug. 10, 2023). Finding Judge Brown's opinion persuasive, on August 17, 2023, Judge Azrack remanded 58 cases back to state court. *In re Additional Child Victims Act Cases Removed From State Ct.*, No. CV 23-04580 (JMA) (ST), 2023 WL 5287219, at *1 (E.D.N.Y. Aug. 17, 2023). Judge Brown found that New York invested significant resources to resolve these actions under the Child Victim's Act and, therefore, 28 U.S.C. § 1334

---

[1] The Appendix contains a complete list of the case captions and docket numbers subject to this opinion.

mandates abstention. (*Id.* at 5.) This Court, too, adopts Judge Brown's conclusion and finds that it must abstain from the exercise of "related to" jurisdiction under 28 U.S.C. §1334(c)(2). Likewise, even if mandatory abstention did not apply, this Court finds that remand is appropriate under the doctrines of permissive and equitable abstention. *See Libertas Funding, LLC v. ACM Dev., LLC*, No. 22-CV-0787 (HGM) (MH), 2022 WL 6036559 (E.D.N.Y. Oct. 7, 2022). Accordingly, the eight cases identified below are hereby remanded back to state court.

## CONCLUSION

For the foregoing reasons, Plaintiff's motion for remand is GRANTED. The Clerk of Court is directed to transfer the appropriate records to the clerks of the relevant state courts, and to close these cases.

SO ORDERED.

Dated: Brooklyn, New York  
      March 29, 2024

/s/ LDH  
LaSHANN DeARCY HALL  
United States District Judge

## Appendix

| | | |
|---|---|---|
| 1 | *Doe v. Good Samaritan Hospital* (2:23-cv-4816) | |
| 2 | *Donohoe v. St. Rose of Lima Roman Catholic Church et al* (2:23-cv-4955) | |
| 3 | *ARK539 Doe v. St. Anthony of Padua et al* (2:23-cv-4998) | |
| 4 | *ARK655 Doe v. Immaculate Conception et al* (2:23-cv-5017) | |
| 5 | *ARK670 Doe v. St. Anne's et al* (2:23-cv-5093) | |
| 6 | *Doe v. St. Hugh of Lincoln Roman Catholic Church* (2:23-cv-5111) | |
| 7 | *Marenghi v. Church of Good Shepherd* (2:23-cv-5116) | |
| 8 | *Stenz v. St. Philip Neri Roman Catholic Parish Church et al* (2:23-cv-05123) | |